IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| ELIZABETH A. RATLIFF, f/k/a/ ELIZABETH BLAKE, <br><br> Plaintiff, <br><br> vs. <br><br> MIDLAND FUNDING, LLC, <br><br> Defendant. | * * * * * * * * * * * <br><br> Case No.: 2009-407 |

## COMPLAINT

COMES NOW the Plaintiff, Elizabeth A. Ratliff, (hereafter the "Plaintiff") by counsel, and for her complaint against the Defendant, alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Debt Collection Practices Act ("FDCPA") and for the common law torts of malicious prosecution, defamation and wantonness. The claims stem from Defendant's actions made in an attempt to collect a debt not owed by Plaintiff. These actions include the filing of a collection suit when the Defendant knew or should have known that the applicable statute of limitations for the claim had expired.

### JURISDICTION

2. This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. § 1331, 15 U.S.C. § 1692k(d) and 28 U.S.C. 1367. This action also includes state law claims as to which this Court has pendant jurisdiction.

### PARTIES

3. The Plaintiff is a natural person and resident of the Mobile County, Alabama. She is a "consumer" as defined by 15 U.S.C. §§ 1681a( c) and 1692a(3).

4. Defendant Midland Funding, LLC. ("Midland"), is a corporation which is, upon information and belief, incorporated under the laws of the State of Delaware and has its principal place of business in the State of California. For all relevant times, Midland was engaged in business

within the State of Alabama, including the collection of debts. Midland is regularly engaged in the practice of debt collection.

## FACTS

5.  Plaintiff is a human resources manager who lives and works in Mobile. On August 11, 2008, Plaintiff was sued by Midland. Midland is a national "debt buyer" collection agency which purchases bad debt from either the original creditor or some other debt buyer. The accounts purchased have been charged off as bad debt by the creditor and are purchased at a deep discount. Typically, very little information is available regarding these accounts. In the suit brought against Plaintiff, Midland's "Statement of Claim" did not provide any information as to the original creditor, the source of the debt or information regarding the alleged debt. The "Statement of Claim" merely stated that Plaintiff owed Midland $1,378.70 on an "Account Stated." No other information was provided.

6.  Plaintiff received notice of Midland's suit on August 13, 2008. The receipt of the lawsuit surprised her as she had never before been contacted by Midland; she had never heard of Midland and was not aware that she owed any unpaid debt. Shortly after she received service of the collection suit, Plaintiff called Midland's lawfirm and asked for basic information regarding the debt. Plaintiff was told that no information regarding the original creditor or type of account was available.

7.  On August 18, 2008, Plaintiff wrote Midland's attorney a letter in which she disputed the debt and requested validating documents. Plaintiff also answered the collection suit with a statement that she had no knowledge of any dealings with Midland. Plaintiff also specifically requested "proof that the Statute of Limitations has not expired on this account. . .."

8.  On October 21, 2008, Midland's lawfirm sent Plaintiff information pertaining to the alleged debt. For the first time, Plaintiff was informed that the alleged debt originated from a credit card account with a company identified as FCNB. Plaintiff did not have a credit card account with that company. Midland also provided an account statement that indicated the last payment made on the account was paid prior to June 25, 2002.

9.  On November 20, 2008, Midland brought the case to trial. At the conclusion of that trial, a judgment was rendered against Midland and in favor of Plaintiff. Said judgment established that Plaintiff was not legally responsible for the alleged debt.

## COUNT ONE
### (FDCPA VIOLATIONS BY MIDLAND)

10.  Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

11.  This is a claim asserted against Midland for multiple violations of the federal Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA").

12.  Defendant Midland is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

13.  Defendant has violated the FDCPA in connection with its attempts to collect on the alleged FCNB credit card debt against Plaintiff. Defendant's violations include, but are not limited to, the following:

   a.  Attempting to collect amounts which are not authorized by any contract or permitted by law. This is a violation of 15 U.S.C. § 1692f(1); and

   b.  Making attempts to collect, including threats of litigation and initiating litigation, on a debt which Defendant knew or should have known was barred by the applicable statutes of limitation. This is a violation of 15 U.S.C. § 1692f, 1692e(2)(A) & (10).

14.  Some or all of the actions taken by Defendant in violation of the FDCPA occurred within one year of the filing prior to this action.

15.  As a proximate result of Defendant's violations of the FDCPA, Plaintiff has suffered actual damages, including mental and emotional pain, distress and anguish, humiliation and embarrassment.

16.  As a result of its violations of the FDCPA, Defendant is liable to Plaintiff for declaratory judgment that Defendant's conduct violated the FDCPA, actual damages, statutory

damages, plus costs and attorney's fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant Midland for the following:

    A.    Actual damages, including damages for mental and emotional pain, distress and anguish, humiliation and embarrassment;

    B.    Statutory damages pursuant to 15 U.S.C. 1692k;

    C.    Declaratory judgment that Defendant's conduct violated the FDCPA;

    D.    Costs and reasonable attorneys fees pursuant to 15 U.S.C. § 1692k; and

    E.    Such other and further relief as this Court deems just and proper, the premises considered.

## COUNT TWO
### (MALICIOUS PROSECUTION)

17. Plaintiff realleges and incorporates all of the preceding paragraphs as if fully set out herein.

18. Midland filed its collection action against Plaintiff on or about August 11, 2008. That suit was initiated by Defendant without probable cause and with the knowledge that there was no legal basis for the claims asserted. Upon information and belief, the filing of said suit is part of a pattern and practice by Defendant of filing collection actions without regard to whether there is any valid legal or factual basis for the claim, but with the expectation that a large percentage of the claims filed will result in default judgments. The filing of the collection action constitutes malicious prosecution.

19. The collection action was initiated against Plaintiff with malice and for the purpose of coercing Plaintiff into paying a legally unenforceable debt.

20. The collection action was terminated in favor of the Plaintiff.

21. Plaintiff has suffered damage as a proximate result of the malicious prosecution

WHEREFORE, Plaintiff requests that this Court enter a judgment against Midland for malicious prosecution and award Plaintiff compensatory damages, including damages for mental

anguish and emotional distress; and punitive damages, plus interest and costs.  Plaintiff further requests such other relief as the Court deems just and proper, the premises considered.

**TRIAL BY JURY IS DEMANDED.**

_____
KENNETH J. RIEMER (RIEMK8712)
Attorney for Plaintiff
Post Office Box 1206
Mobile, Alabama  36633
Telephone: (251) 432-9212
Fax Number: (251) 433-7172
E-mail: kriemer@bntech.net

**PLEASE SERVE DEFENDANT AT THE FOLLOWING ADDRESSES:**

Midland Funding, LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, AL 36104